```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

DAVID CIPOLLARO,

                    Plaintiff,
                                              13 Civ. 8420 (RWS)
     - against -
                                                    OPINION

NYC TRANSIT AUTHORITY,


                    Defendant.

------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/12/14

A P P E A R A N C E S

Pro Se

DAVID CIPOLLARO
1518 Davie Boulevard
Fort Lauderdale, FL 33312


Attorney for the Defendant

NEW YORK CITY TRANSIT AUTHORITY
130 Livingston Street, 12th Floor
Brooklyn, NY 11201
By:  Kristen M. Nolan, Esq.

**Sweet, D.J.**

Plaintiff David Cipollaro pro se ("Plaintiff" or "Cipollaro") has moved to amend his complaint, alleging discrimination by the defendant New York City Transit Authority ("Defendant" or "NYCTA") in failing to hire him. Plaintiff has also moved to change venue on the grounds of "fears for personal safety." The NYCTA has moved pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss Plaintiff's complaint.

Based on the conclusions set forth below, the Plaintiff's motions are denied, and the Defendant's motion is granted and the complaint is dismissed with prejudice.

**Prior Proceedings**

Plaintiff applied for a position as a bus maintainer at NYCTA. (See Nolan Ex. B.)[1] Bus maintainers, who perform

---

[1] Plaintiff includes the November 18, 2011 letter to the SDHR from NYCTA in his complaint at Ex. A. In considering a motion to dismiss, the Court may rely on documents incorporated by reference in the complaint as well as documents in Plaintiff's possession or which he knew about, which were integral to bringing the claim. See Cortec Indus. Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991).

1

mechanical work, are required to frequently test drive buses on city streets amidst the public. (See Nolan Dec. Ex. 1 at ¶ 5.) Plaintiff was considered but not selected for the job due to his driving record and history of harassment. Id. Within the past six years from the date of Plaintiff's application for employment, Plaintiff's driving record included, among other violations, a crash (11/07), a conviction for speeding (4/06), a conviction for running a red light (11/08), a conviction for driving on the wrong side of the road (3/06), and two separate convictions for driving without a license (in 5/06 and 8/06). (See Nolan Dec. Ex. 1 at ¶ 5, Ex. B.) Plaintiff had a third conviction for unlicensed operation in April of 2005 and he was convicted of harassment in the second degree in August of 2005. (Nolan Dec. Ex. 1 at ¶ 6.) In March of 1992, he pled guilty to assault and leaving the scene of an accident. Id.

Plaintiff was notified by letter dated September 30, 2011 that he was considered but not selected for the bus maintainer position. (Nolan Dec. Ex. 2.) Thereafter, on or about October 14, 2011, Plaintiff filed a complaint with the New York State Division of Human Rights ("SDHR") alleging he was not hired due to discrimination concerning his arrest record, creed/religion, and race/color/ethnicity. (Nolan Dec. Ex. A.)

2

A no probable cause finding was issued by the SDHR on March 20, 2012. (Nolan Dec. Ex. 3.) Plaintiff never appealed this decision.

Further, the Equal Employment Opportunity Commission ("EEOC") issued a right to sue letter dated August 16, 2012, instructing Plaintiff that a lawsuit must be filed within 90 days of receipt of the notice. (Nolan Dec. Ex. 4.)

Plaintiff served the NYCTA with a document entitled "Order to Show Cause in Special Proceeding" in the Supreme Court of the State of New York, County of Kings (claiming he was not hired for the bus maintainer position due to "discrimination & race") on or about December 14, 2011. (Nolan Dec. Ex. 5.) This case was dismissed by the Honorable Carl J. Landicino on July 3, 2012 after Plaintiff failed to appear in court on multiple occasions. (Nolan Dec. Ex. 6.)

Plaintiff then brought another "Order to Show Cause in a Special Proceeding" in the same court on July 16, 2012 - again challenging the same September 30, 3011 decision not to hire him for the bus maintainer position (due to "discrimination against my arrest record"). (Nolan Dec. Ex. 8.) This case was

3

dismissed on the merits, in addition to other reasons, on September 18, 2013. (Nolan Dec. Ex. 8.)

Plaintiff filed the complaint in this action on or about November 11, 2013 - approximately 452 days after the right to sue letter was issued. The complaint for employment discrimination alleges discrimination based on race and his criminal record (Compl. ¶ II(E)) in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e–2000e-17), the New York State Human Rights Law, N.Y. Exec. Law §§ 290-297, and the New York City Human Rights Law, N.Y. City Admin. Cod. §§ 8-101–131.

By order dated January 7, 2014, Plaintiff was ordered to amend such complaint, and Plaintiff never did so. However, Plaintiff did submit an attachment as an exhibit to the complaint entitled "Order to Amend" dated January 11, 2014 reiterating his belief that his failure to be hired by NYCTA on or about August of 2011 was due to discrimination based on his criminal record and race (which he identified as being White Caucasian Italian) without alleging any facts from which inference of discrimination could be made.

By letter dated January 11, 2014, Plaintiff submitted his alleged amended complaint which did not include "Kristin Marie Nolen" as a party.

By letter filed May 5, 2014, Plaintiff sought to amend his complaint to include "Kristin Marie Nolen" for "aid and bedding Juanita Chestnut for violating Plaintiff[] civil & human rights . . . ." Plaintiff submitted the amended complaint on June 18, 2014.

By letter filed June 18, 2014, Plaintiff sought a change of venue on the grounds of "fears for personal safety."

The instant motions were marked fully submitted on July 9, 2014.

**Applicable Standard**

On a motion to dismiss pursuant to Rule 12(b)(6), all factual allegations in the complaint are accepted as true, and all inferences are drawn in favor of the pleader. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). However, "a plaintiff's obligation to provide the grounds of his

entitlement to relief requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570).

A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663 (quoting Twombly, 550 U.S. at 556). In other words, the factual allegations must "possess enough heft to show that the pleader is entitled to relief." Twombly, 550 U.S. at 557 (internal quotation marks omitted).

**Plaintiff's Federal Claims Are Time Barred**

The EEOC Right to Sue Letter was sent to Plaintiff on or about August 16, 2012. (Nolan Dec. Ex. 4.) The letter states: "Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this

6

charge will be lost." Plaintiff did not file this lawsuit until approximately 452 days later, on or about November 11, 2013. Because Plaintiff's federal claims are untimely by more than one year, they are dismissed.

**Plaintiff's State Claims Are Barred By Election of Remedies Provision (NY Exec. Law § 297(9) And NYC Admin. Code § 8-502(a)**

Plaintiff filed a complaint with the SDHR on or about October 14, 2011. (Nolan Dec. Ex. A.) The SDHR issued a no probable cause finding on March 20, 2013. (Nolan Dec. Ex. 3.)

The election of remedies doctrine provides that a plaintiff who pursues an administrative remedy for violations of New York State Human Rights Law and New York City Human Rights Law may not then pursue a subsequent civil action based on the same grievance in federal court. Section 297(9) of the New York Human Rights Law provides that:

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages . . . and other such remedies as may be appropriate . . . unless such person had filed a complaint hereunder or with any local commission on human rights . . . .

N.Y. Exec. Law. § 297(9).

7

Section 8-502 of the NYC Administrative Code states:

> Except as otherwise provided by law, any person claiming to be aggrieved by an unlawful discriminatory practice as defined in chapter one of this title or by an act of discriminatory harassment or violence as set forth in chapter six of this title shall have a cause of action in any court of competent jurisdiction for damages, including punitive damages, and for injunctive relief and such other remedies as may be appropriate, unless such person has filed a complaint with the city commission on human rights or with the state division of human rights with respect to such alleged unlawful discriminatory practice . . . .

NYC Admin. Code § 8-502(a).

Under these provisions, federal courts lack subject matter jurisdiction over claims brought by plaintiffs who have already filed their claim before the SDHR. See Skalafuris v. City Univ. of N.Y., 09-CV-5693, 2010 WL 1050299, *2 (S.D.N.Y. Mar. 22, 2010). Indeed, "NYHRL and CHRL claims, once brought before the NYSDHR, may not be brought again as a plenary action in another court." York v. Ass'n of the Bar of the City of New York, 286 F.3d 122, 127 (2d Cir. 2002) (quoting Moodie v. Federal Reserve Bank of New York, 58 F.3d 879, 882 (2d Cir. 1995). Likewise, "a person claiming to be aggrieved by an unlawful discriminatory practice may seek relief either from a

8

court of appropriate jurisdiction or from the SDHR or any local commission on human rights, but not both." Clements v. St. Vincent's Hosp. & Med. Ctr., 919 F. Supp. 161, 164 (S.D.N.Y. 1996); see Moodie, 58 F.3d at 882-83 (citing Marine Midland Bank, N.A. v. New York State Div. of Human Rights, 75 N.Y.2d 240, 245, 553 N.Y.S.2d 65, 66, 551 N.E.2d 744, 745 (1989)); Pan American World Airways, Inc. v. New York State Human Rights Appeal Bd., 61 N.Y.2d 542, 548, 475 N.Y.S.2d 256, 259, 463 N.E.2d 744, 745 (1984); Emil v. Dewey, 49 N.Y.2d 968, 969, 428 N.Y.S.2d 887, 887, 406 N.E.2d 744, 745 (1980).  The NYSHRL and the NYCHRL "provide an election of forums, either administrative or judicial, such that a plaintiff who filed a complaint with the State or City Human Rights Divisions may not then bring suit in court." Hernandez v. New York City Law Dep't Corp. Counsel, 94-CV-9042, 1997 WL 27047, *10 (S.D.N.Y. Jan. 23, 1997).

Because Plaintiff already brought an SDHR complaint making the same allegations, and the complaint was dismissed by the SDHR, Plaintiff has no jurisdiction to bring these claims to federal court.

**Plaintiff's Claims Are Also Barred By Res Judicata**

9

Plaintiff served a request for an "Order to Show Cause in a Special Proceeding" dated December 21, 2011 on the Transit Authority. In that action, he claimed the NYCTA's September 30, 2011 decision not to hire him as a bus maintainer was due to "discrimination & race." Plaintiff sought twenty million dollars in alleged damages. (Nolan Dec. Ex. 5.) NYCTA moved for dismissal. This action was dismissed by the Honorable Carl Landicino on July 3, 2012 after Plaintiff repeatedly failed to appear in court. (Nolan Dec. Ex. 6.)

Plaintiff then brought another request for an "Order to Show Cause in a Special Proceeding" again challenging the same September 30, 2011 decision not to hire him. Plaintiff claimed "discrimination against my arrest record" and sought ten million dollars in alleged damages. (Nolan Dec. Ex. 7.) NYCTA again moved for dismissal. Dismissal was granted on September 18, 2013 on several grounds, including the holding that NYS Executive Law § 297 and the NYC Admin. Code § 8-502(a) precluded Plaintiff's claim ("Upon filing his application with the Human Rights Commission, Petitioner was barred from pursuing the same claims in this Court") and further dismissing the claims on the merits. (Nolan Dec. Ex. 8.)

The doctrine of res judicata prevents the re-litigation of this matter. "It is blackletter law that a valid final judgment bars future actions between the same parties on the 'same cause of action.'" Reilly v. Reid, 45 N.Y.2d 24, 27 (N.Y. 1978); Lazides v. P & G Enterprises, 58 A.D.3d 607, 609 (2d Dep't 2009) (Pursuant to the doctrine of res judicata, "a valid final judgment bars future actions between the same parties on the same cause of action.")  Therefore, based on res judicata, Plaintiff's federal complaint is dismissed.

**Plaintiff's Motions to Amend And To Change Venue Are Denied**

Given the dismissal of his complaint as set forth above, the motion to amend is moot.  The amendments, even if accepted, would be subject to the same grounds for dismissal.

Similarly, the motion to change venue is mooted by the dismissal of the complaint.  Both procedurally and substantively, no basis for changing venue has been established. The Plaintiff's motion is denied.

## Conclusion

For the reasons stated above, Plaintiff's motions are denied. Defendant's motion is granted and the complaint is dismissed with prejudice.

It is so ordered.

New York, NY  
September 11, 2014

ROBERT W. SWEET  
U.S.D.J.