UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

DAVID CIPOLLARO,

                Plaintiff,

                                    13 Civ. 8420 (RWS)

  - against -

                                    <u>OPINION</u>

NYC TRANSIT AUTHORITY,

                Defendant.

----------------------------------------X

A P P E A R A N C E S

                <u>Pro Se</u>

                DAVID CIPOLLARO
                1518 Davie Boulevard
                Fort Lauderdale, FL 33312

                <u>Attorney for the Defendant</u>

                NEW YORK CITY TRANSIT AUTHORITY
                130 Livingston Street, 12th Floor
                Brooklyn, NY 11201
                By:  Kristen M. Nolan, Esq.

**Sweet, D.J.**

Plaintiff David Cipollaro pro se ("Plaintiff" or "Cipollaro") has moved for reconsideration of this Court's September 11, 2014 Opinion ("September Opinion") granting defendant New York City Transit Authority's ("Defendant" or "NYCTA") motion to dismiss.

Based on the conclusions set forth below, the Plaintiff's motion is denied.

**Prior Proceedings**

The facts and prior proceedings in this action are set forth in the September Opinion, familiarity with which is assumed. (See Dkt. No. 30)  The Court's September Opinion held that Plaintiff's claims were time barred, barred by res judicata, and barred under applicable New York law.

The instant motion was marked fully submitted on December 29, 2014.

1

**Applicable Standard**

Under Local Rule 6.3, a court may grant reconsideration where the moving party demonstrates an "intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Henderson v. Metro. Bank & Trust Co., 502 F. Supp. 2d 372, 375-76 (S.D.N.Y. 2007) (quotation marks and citations omitted); see also Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003). However, reconsideration of a court's prior order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Sikhs for Justice v. Nath, 893 F. Supp. 2d 598, 605 (S.D.N.Y. 2012) (citations omitted). Accordingly, the standard of review applicable to such a motion is "strict." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

The purpose behind confining reconsideration to matters that were "overlooked" is to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Polsby v. St. Martin's Press, Inc.,

2

No. 97-CV-690, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)

(citation and quotation marks omitted).  Motions for

reconsideration "are not vehicles for taking a second bite at

the apple . . . ."  Rafter v. Liddle, 288 Fed. App'x. 768, 769

(2d Cir. 2008) (citation and quotation marks omitted).


**Plaintiff's Motion to Reconsider Is Denied**


Plaintiff fails to cite to any change in controlling

law, newly available evidence, clear error, or manifest

injustice.  Plaintiff's motion simply repeats the same arguments

included in previous motion papers.  See Unicredito Italiano Spa

v. JP Morgan Chase Bank, 288 F. Supp. 2d 485 (S.D.N.Y. 2003)

(denying a motion for reconsideration that "merely reiterate[d]

arguments raised in the briefing of the original motions").


Plaintiff also adds two new claims to his motion for

reconsideration: (1) that he was allegedly not served with

NYCTA's motion papers during one of the two state court

proceedings and (2) that he never received an EEOC right to sue

letter.  However, a motion for reconsideration may not ". . . be

a vehicle for advancing new theories that a party failed to

articulate in arguing the underlying motion."  Fesco Ocean Mgmt.

Ltd. v. High Seas Shipping Ltd., No. 06 CIV 1055 NRB, 2007 WL
1406624, *1 (S.D.N.Y. May 9, 2007) (citations omitted).

**Conclusion**

For the reasons stated above, Plaintiff's motion is
denied.

It is so ordered.

New York, NY
January $\mathcal{3}$ , 2015

ROBERT W. SWEET
U.S.D.J.

4